GONZALEZ SAGGIO & HARLAN LLP
Irwin S. Evans, Esq., SBN: 037896 (irwin_evans@gshllp.com)
Kenneth M. Jones, Esq., SBN: 140358 (kenneth_jones@gshllp.com)
Santosh Narayan, Esq., SBN 243273 (santosh_narayan@gshllp.com)
3699 Wilshire Boulevard, Suite 890
Los Angeles, California 90010
Telephone (213) 487-1400; Facsimile (213) 487-1402

Attorneys for Defendant, Federal Home Loan Mortgage Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA ORELLANA, an individual, MARIA DE LA PAZ CRUZ, an individual, ARTHUR CRUZ, an individual, AGRIPINO BALDERAS, an individual, JOSE MENDOZA, an individual, EMERITA ESQUEDA, an individual, ANA GONZALEZ, an individual, MARGARET DOZIER, an individual, RAFAEL ESTRADA, an individual; ALL OTHERS SIMILARLY SITUATED,<br><br>           Plaintiffs,<br><br>     vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, a California company, ONEWEST BANK, a California company, BANK OF AMERICA, a Delaware company, CITIBANK, a New York company, FEDERAL NATIONAL MORTGAGE ASSOCIATION, a District of Columbia company, U.S. BANCORP, a Delaware company, BANK OF NEW YORK MELLON, a New York company, FEDERAL HOME LOAN MORTGAGE CORPORATION a Virginia company,<br><br>           Defendants. | Case No.:   CV 09-09367-R (PLAx)<br><br>[Assigned to the Honorable Judge Manuel L. Real, Courtroom No. 8]<br><br>**DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>**Date:**      July 16, 2012<br>**Time:**      10:00 a.m.<br>**Courtroom:** 8 |

1

## I. ARGUMENT

2    **A. Plaintiff Fails To State A Claim Because All of Freddie Mac's Alleged**

3    **Wrongful Conduct Is Protected By The Litigation Privilege.**

4    Plaintiff has the burden of showing that he has either a cognizable legal

5    theory or facts that can support a cognizable legal claim.   *Robertson v. Dean Witter*

6    *Reynolds,* 749 F.2d 530, 533-534 (9th Cir. 1984).   Plaintiff has failed to meet this

7    burden; therefore, the FAC should be dismissed.

8    Plaintiff contends that the FAC should not be dismissed "if it is possible to

9    hypothesize facts" that would make out a claim based on *Coffin v. Safeway, Inc.* 323

10   F. Supp. 2d 997, 1000 (D. Az. 2004) (Opposition, pg. 11, ls. 13). First, *Coffin* does

11   not contain this quotation.   *Coffin* states: "dismissal may be appropriate when the

12   plaintiff has included sufficient allegations disclosing some absolute defense or bar

13   to recovery." *Id.* at 1000.

14   Second, applying *Coffin* to the allegations of the FAC discloses that Freddie

15   Mac has an absolute defense to Plaintiff's claim.   The "Nature of the Action"

16   section of the FAC (Opposition, pg. 2) clearly shows that the gravamen of the

17   lawsuit is based on Freddie Mac's retaining counsel to serve eviction notices and

18   file unlawful detainer complaints.   (FAC ¶ 4.)  As argued in the moving papers and

19   in the anti-SLAPP motion filed concurrently with the Motion to Dismiss, filing of an

20   unlawful detainer action against Plaintiff (and others) is clearly protected by the

21   litigation privilege.   Thus, Freddie Mac has an absolute defense that bars any

22   recovery for Plaintiff, and this action should be dismissed.

23   **B. Plaintiff Fails To State A Claim For Relocation Fees**

24   Plaintiff's opposition cannot cure the fundamental flaws underlying his claim

25   for relocation fees: (1) There is no landlord/tenant relationship between Plaintiff and

26   Freddie Mac and (2) Plaintiff has not been evicted from the property.

27

28

DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS 2679.001

1   Freddie Mac's acquisition of the property via foreclosure did not create a

2   landlord/tenant tenancy with Plaintiff. "A tenant under a subordinated lease who

3   remains in possession after the foreclosure sale does so as a holdover tenant (tenant

4   at sufferance). There is no contractual relationship between a holdover tenant and

5   the landlord; the tenant has but 'naked possession'." *Aviel v. Ng*, 161 Cal. App. 4th

6   809, 820 (2008) ("*Aviel*").

7   Finally, Plaintiff fails to address Freddie Mac's citation of *Dover Mobile*

8   *Estates v. Fiber Form Products*, 220 Cal. App. 3d 1494, 1499 (1990) ("*Dover*")

9   which also stands for the proposition that no landlord-tenant relationship is created

10  through foreclosure. Thus, Plaintiff has no factual or legal support for its allegation

11  that Freddie Mac became Plaintiff's landlord in July 2009.[1]

12  Moreover, Plaintiff does not allege that he was actually evicted from the

13  property. To the contrary, Plaintiff alleges that he still resides at the property. (FAC

14  ¶ 89.) As explained in the moving papers, no relocation fees are payable under

15  LARSO under these circumstances. Pursuant to the foregoing, Plaintiff's claim for

16  relocation fees is fundamentally flawed and should be dismissed.

17  **C. Plaintiff Fails To State A Claim For Unlawful Business Practices**

18  To state a violation under Business & Professions Code § 17200, a plaintiff

19  must demonstrate that a business practice is unlawful, unfair or fraudulent. *Byars v.*

20  *SCME Mortgage Bankers, Inc.,* 109 Cal. App. 4th 1134, 1147 (2003). "A business

21  practice that might be otherwise considered unfair or deceptive cannot be the basis

22  of a Section 17200 cause of action if the activity has been deemed lawful." *Id. See*

23  *also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (Litigation privilege applies to "Any

24  communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or

25

26  [1] Plaintiff concedes that his landlord was the prior owner of the property: "Anthony

27  Cruz entered into a rental agreement with Rafael Estrada, the prior owner of the
    Property in or about October 2008" (FAC ¶ 90.). Moreover, Plaintiff does not

28  allege that he paid rent to Freddie Mac, or that Freddie Mac requested payment.

3

other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.")  Here, Freddie Mac's filing of eviction actions was lawful and privileged and therefore it did not violate Bus. & Prof. Code § 17200.

Plaintiff's reliance on *Rental Housing Ass'n of Northern Alameda County v. City of Oakland*, 171 Cal. App. 4th 741 (2009) ("*Rental Housing*") is misplaced. *Rental Housing* affirms the fact that a defendant "[can] successfully claim the litigation privilege if he or she were to be sued for filing an unsuccessful action to recover possession or for some other protected activity." *Id.* at 767.

Likewise, Plaintiff's reliance on *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 113 (1972) is unavailing to Plaintiff.  *Barquis* involved a completely different set of facts than those before the Court.  In *Barquis*, the defendant was a collection agency.  The plaintiffs were able to survive the pleading stage because they alleged "that the collection agency [had] *willfully* commenced actions in *improper counties*, with *knowledge* that such counties [were] improper, and for the improper *ulterior purpose* of impairing its adversaries' ability to defend such suits..." *Id.* at 98.  (Emphasis in original)

*Barquis* is inapplicable here because Freddie Mac is not a collection agency. Moreover, there is no allegation that Freddie Mac willfully commenced this action in an improper county. [2]

Plaintiff's citation to *Clark v. Mazgani*, 170 Cal. App. 4th 1281 (2009), respecting the anti-SLAPP statutes is not relevant here, since this is a motion to dismiss.  The facts in *Clark* are very different than those alleged in the instant lawsuit.  The only reason the *Clark* court held that the conduct fell outside of

---

[2] The proper county for an unlawful detainer is "where the real property that is the subject of the action, or some part thereof, is situated is the proper court for the trial..." California Code of Civil Procedure § 392.

DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS 2679.001

California Code of Civil Procedure §425.16 is because the purported unlawful activity occurred after the protected activity, which was filing the unlawful detainer.

The case of *Wallace v. McCubbin*, 196 Cal. App. 4th 1169 (2011) further supports that *Clark* is inapplicable to this action. Even if the conduct "was alleged to be illegal, or that there was some evidence to support a finding of illegality, does not preclude protection under the anti-SLAPP law." *Id.* at 1188.

Freddie Mac's position is even stronger than that in *Wallace* since the FAC does not allege that Freddie Mac has evicted Plaintiff by filing an unlawful detainer - - which would be protected activity in any event.

### D. <u>Plaintiff Fails To Show That Freddie Mac Was Negligent</u>

Plaintiff's opposition fails to provide any legal support showing that Freddie Mac was negligent. Plaintiff fails to allege any facts that show that "Defendants owed Plaintiffs a general duty of care arising out of their tenancies as Defendants are the landlords of Plaintiffs…" (FAC ¶ 142.) The FAC also refers to "a duty of care created by generally-applicable law" but fails to cite any statute, case, or regulation that stands for the proposition that a landlord-tenant relationship is created by foreclosure. (FAC ¶ 142.)

Plaintiff's citation to *Stoiber v. Honeychuck*, 101 Cal. App. 3d 903, 922-925 (1980) is not helpful to Plaintiff's cause. In *Stoiber*, a tenant sued a landlord based on the implied warranty of habitability. *Id. Stoiber* states only "a tenant may state a cause of action in tort against his landlord for damages…." *Id.* at 918. Of course, here, there is no landlord/tenant relationship between Plaintiff and Freddie Mac.

### E. <u>The Court Should Deny Leave To Amend Since The Defects Cannot Be Cured By Amendment</u>

The Court should reject Plaintiff's request for leave to amend. "Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading

5

1  deficiencies and amendment would be futile." *Cervantes v. Countrywide Home*
2  *Loans, Inc.*, 656 F.3d 1034, 1041. (9th Cir. 2011.)

3      Unquestionably all of Freddie Mac's alleged wrongful conduct is subject to
4  the litigation privilege.  This case should be dismissed in its entirety on this basis
5  alone.  Further, Plaintiff cannot conceivably have any viable claim for failure to pay
6  relocation fees given that he admits that he has not been evicted from the unit.
7  Plaintiff cannot pursue a claim for unlawful business practices because the alleged
8  wrongful conduct of Freddie Mac was legally protected.  Moreover, Plaintiff cannot
9  prevail on a claim for negligence in that there is no landlord tenant relationship
10 between Freddie Mac and Plaintiff as a matter of law.

11 **II. CONCLUSION**

12     For the foregoing reasons, the Court should grant Freddie Mac's Motion to
13 Dismiss without leave to amend.

16 DATED:  July 2, 2012         GONZALEZ SAGGIO HARLAN LLP
17                                   Attorneys for Defendant,
                                  FEDERAL HOME LOAN MORTGAGE
                                  CORPORATION

19                                     */s/ Kenneth M. Jones*
20                     By: _____
21                          IRWIN S. EVANS
22                          KENNETH M. JONES
                         SANTOSH NARAYAN

DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS 2679.001

1

**PROOF OF SERVICE**
[CCP 1013a; Fed. R. Civ. P.6]

2

3    STATE OF CALIFORNIA        )
                                ) ss.
4    COUNTY OF LOS ANGELES      )

5

6        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3699 Wilshire Boulevard, Suite 890, Los Angeles, California 90010.

7        On July 2, 2012, I e-filed the foregoing documents described as: **DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9

10              ***SEE ATTACHED SERVICE LIST.***

11   [ ]   [BY MAIL] I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

12

13

14

15   [✔]   BY CM/ECF SYSTEM) I caused the above-referenced documents to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

16

17

18   [✔]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

20   DATED:  July 2, 2012                    _____
                                                      K. Cockrum
21

22

23

24

25

26

27

28

DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS 2679.001

1

## SERVICE LIST

2

| | |
|---|---|
| Daniel J. Bramzon, Esq.<br>Raymond Paul Katrinak, III, Esq.<br>BASTA, Inc.<br>2500 Wilshire Boulevard, Suite 1111<br>Los Angeles, CA 90057<br>Tel. : (213) 736-5050<br>Fax : (213) 736-5055<br>E-mail: djb.basta@gmail.com,<br>pkbasta@gmail.com | *Attorney for Plaintiffs,*<br>*JULIA ORELLANA, MARIA DE LA*<br>*PAZ CRUZ, ARTHUR CRUZ,*<br>*AGRIPINO BALDERAS, JOSE*<br>*MENDOZA, EMERITA ESQUEDA, ANA*<br>*GONZALEZ, MARGARET DOZIER,*<br>*RAFAEL ESTRADA, ANTHONY CRUZ,*<br>*and ALL OTHERS SIMILARLY*<br>*SITUATED* |
| Nicholas Gregory Hood, Esq.<br>Jonathan Douglas Fink, Esq.<br>T. Robert Finlay, Esq.<br>WRIGHT, FINLAY & ZAK, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660<br>Tel.: (949) 477-5050; Fax: (949) 477-9200<br>Email: lexestamor@netscape.net,<br>rfinlay@wrightlegal.net,<br>nhood@wrightlegal.net | *Attorneys for Defendants,*<br>*FEDERAL NATIONAL MORTGAGE*<br>*ASSOCIATION* |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS 2679.001